UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
TERRANCE LINDSEY,

                     Plaintiff,                              **COMPLAINT**

    -against-                                            JURY TRIAL DEMANDED

THE CITY OF NEW YORK, and SERGIO A.
MARTINS, and JOHN DOE,

                     Defendants.
-----------------------------------------------------------------------x

Plaintiff, Terrance Lindsey, by and through his attorneys, **THE LAW OFFICE OF SCOTT G. CERBIN, ESQ., PLLC**, complaining of the defendants herein, respectfully shows the Court and alleges:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff seeks relief for the defendant's violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1981 and 1983; by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. The plaintiff seeks damages, both compensatory and punitive, affirmative equitable relief, an award of costs and attorney's fees, and such other and further relief as this court deems just and equitable.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked under 28 U.S.C. § 1343 and 42 U.S.C. §§ 1981 and 1983.

1

3. The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

4. Venue herein is proper for the United States District Court for the Eastern District of New York under 28 U.S.C. § 1391 (a), (b) and (c).

## PARTIES

5. Plaintiff Terrance Lindsay is 26 years old and at all times hereinafter mentioned was and still is a citizen of the United States residing in the State of New York and the County of Kings. He is of African American ancestry.

6. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

7. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

8. Defendants SERGIO A. MARTINS and DOE are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of

THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK. Defendants MARTINS and DOE are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants MARTINS AND DOE are sued individually.

## STATEMENT OF FACTS

9. On March 18, 2021 at approximately 8:30 pm in the County of Kings, defendants New York City police officers MARTINS and DOE, effected a vehicle stop upon plaintiff Terrance Lindsey because he was driving a vehicle with a temporary tag. The vehicle was recently purchased and there was nothing illegal or improper about the temporary tag; the traffic stop was illegal and a classic case of racial profiling.

10. Plaintiff Martins aggressively removed plaintiff from his vehicle and began manhandling him and demanded that he put his hands behind his back to be handcuffed. When plaintiff protested and questioned why he was being handcuffed Martins assaulted him with a Taser. Plaintiff is just over five feet tall and weighs 120 pounds. There was simply no reason to resort to the use of a potentially lethal weapon in this encounter, at all.

11. After being brutalized by the defendants plaintiff was brought to a local hospital for treatment and removal of the taser projectile from his body.

12. Plaintiff was then brought to the 63rd precinct in Brooklyn where the defendants, in an effort to cover up their criminal conduct, issued plaintiff a desk appearance ticket falsely charging him with resisting arrest. The district attorney wisely declined prosecution.

13. At the time of his arrest plaintiff was a para-professional assisting teachers in educating elementary school children for the New York City Department of Education. He was suspended from his job for several months as a result of this false arrest.

## AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of federal civil rights under the United States Constitution and 42 U.S.C §§ 1981 and 1983)

14. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

15. By their conduct and actions in brutalizing, arresting, imprisoning, and failing to intercede on behalf of plaintiff and in failing to protect him from the unjustified and unconstitutional treatment he received at the hands of other defendants, defendants MARTINS and DOE, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of the plaintiff's constitutional rights as guaranteed under 42 U.S.C. §§ 1981 and 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

4

16. As a result of the foregoing, plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A SECOND CAUSE OF ACTION
(False arrest and false imprisonment)

17. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

18. By the actions described above, defendants MARTINS and DOE falsely arrested or caused to be falsely arrested plaintiff without reasonable or probable cause, illegally and without a warrant, and without any right to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the United States Constitution, including its Fourth and Fourteenth Amendments.

19. As a result of the foregoing, plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A THIRD CAUSE OF ACTION
(Liability of Defendant the City of
New York for Constitutional Violations)

20. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

21. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through defendants MARTINS and DOE had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

22. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through defendants MARTINS and DOE had <u>de facto</u> policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

23. As a result of the foregoing, plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Excessive Force)

24. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

25. By the actions described above, defendants MARTINS and DOE used excessive force and without any right to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the United States Constitution, including its Fourth and Fourteenth Amendments.

26. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific bodily injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Assault and battery)

27. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

28. Defendants MARTINS and DOE intentionally assaulted and battered plaintiff. The acts and conduct of the defendants were the direct and proximate cause of physical and emotional injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

29. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific bodily injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Loss of Wages)

30. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

31. Defendants MARTINS and DOE caused plaintiff to be suspended without pay by his employer for approximately four months. The acts and conduct of the defendants were the direct and proximate cause of financial injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empaneling of a jury to consider the merits of the claims herein;

    d. Costs and interest and attorneys' fees;

    e. Such other further relief as this court may deem appropriate and equitable.

Dated: Brooklyn, New York
July 15, 2021

Respectfully submitted,

**SCOTT G. CERBIN, ESQ., PLLC**
Counsel for the Plaintiff

By: Scott G. Cerbin (SC5508)
16 Court Street, Suite 2901
Brooklyn, NY 11241
(718) 596-1829